OPINION
{¶ 1} Defendant-appellant, Tom Basel, appeals from the decisions of the Carroll County Court, Small Claims Division, entering judgment against him and in favor of plaintiff-appellee, D.E. Plumbing/Dave Favri, and denying his motion to vacate the judgment.
 {¶ 2} On March 13, 2002, appellee filed a complaint against appellant alleging appellant failed to pay appellee an account balance of $283.10. The clerk attempted to serve appellant with the complaint by certified mail. The post office attempted to deliver the notice on March 14, 19 and 24, 2002. After the third failed attempt at delivery, the notice was returned to the clerk. It appears that the reason the notice was undeliverable was the address on the notice, as well as on the mail receipt, was 1426 Magnolia Road, SW. Appellant's address is 1436 Magnolia Road, SW. While it appears that the post office crossed out the address 1426 and wrote in the address 1436, it is unclear when the post office made this notation. Nonetheless, the notice was returned unclaimed. The court next mailed the complaint to appellant by ordinary mail as was evidenced by a certificate of mailing dated March 29, 2002. The house number on the certificate of mailing was again 1426 instead of 1436. The court held a hearing on April 17, 2002. Only appellee appeared. The court considered appellee's evidence and subsequently entered judgment in appellee's favor in the amount of $303.10 plus interest.
 {¶ 3} On April 23, 2002, appellant filed a motion to vacate the judgment for lack of service. Appellant alleged that he was never served with notice of the suit and had no knowledge of the suit. On April 25, 2002, the court ruled on appellant's motion. It stated the post office gave three notices to appellant that he had a registered letter to pick up at the post office; however, appellant never picked the letter up. Thus, the post office returned the notice to the court. It also found that the complaint mailed on March 29 was never returned by the post office. The court stated it sent the April 17 judgment entry to the same wrong address as it had sent the complaint and obviously, appellant received the judgment entry. The court concluded that in such a small rural community the post office did deliver the complaint mailed on March 29 to appellant, thus perfecting service. Appellant filed his notice of appeal on May 9, 2002. He also filed a Civ.R. 60(B) motion with the trial court asserting the trial court failed to provide him 28 days within which to answer the complaint as well as a motion to stay the judgment against him. The trial court granted appellant's motion to stay the judgment pending appeal and took no action on the Civ.R. 60(B) motion.
 {¶ 4} At the outset, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 5} Appellant raises four assignments of error. His fourth assignment of error is dispositive; thus, we will address it first. Appellant's fourth assignment of error states:
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION AND DENIED THE DEFENDANT DUE PROCESS WHERE THE COURT FAILED AND THEN REFUSED TO PROVIDE THE DEFENDANT 28 DAYS WITHIN WHICH TO ANSWER THE COMPLAINT AND THEREAFTER DEFENDANT NOTIFIED THE COURT OF THE FAILURE OF THE SERVICE WITHIN THE TIME FRAME REQUIRED BY THE CIVIL RULES IN WHICH TO ANSWER THE COMPLAINT."
 {¶ 7} Appellant argues that the trial court erred by not allowing him 28 days in which to respond to the complaint.
 {¶ 8} Civ.R. 4.6(D) provides, "[a]nswer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail." In Karas v. Roar (Mar. 21, 2000), 7th Dist. No. 98 JE 4, after a failed attempt at service by certified mail, the appellees failed to request ordinary mail service and no certificate of mailing existed on the record. However, the trial court proceeded with a trial and entered default judgment against the appellants. This court vacated the default judgment for several reasons. We explained one of the reasons as follows: "Even if appellees had requested ordinary mail service and the clerk had complied, the clerk failed to reset the hearing pursuant to Civ.R. 4.6(D), which permits an answer date of twenty-eight days after the date of service by ordinary mail. There could be no default where trial was held before the expiration of the answer time. Clearly, the proper time frames were ignored." Id.
 {¶ 9} In the case sub judice, the date of mailing as evidenced by the certificate of mailing was March 29, 2002. Thus, appellant should have had until April 26, 2002 to answer the complaint. The court held the hearing on appellee's complaint on April 17, 2002, before the time to file an answer had expired. Appellant filed his motion to vacate the judgment against him on April 23, 2002, still within the time to file an answer. The trial court entered judgment denying appellant's motion to vacate on April 25, 2002, again, still within the time to file an answer.
 {¶ 10} Thus, the trial court erred in failing to provide appellant with the required 28 days in which to answer the complaint. Accordingly, appellant's fourth assignment of error has merit.
 {¶ 11} Based on the merit of appellant's fourth assignment of error, we need not determine whether the trial court's judgment is void based on the trial court's alleged abuse of discretion in ruling that service was perfected as appellant alleges in assignments of error one through three, which state:
 {¶ 12} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN FAILING TO VACATE THE JUDGMENT OBTAINED BY IMPERFECT SERVICE."
 {¶ 13} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND OR ABUSED IT [sic.] DISCRETION WHEN IT FAILED TO VACATE THE JUDGMENT DESPITE HAVING BEFORE IT UNREFUTED EVIDENCE THAT THE MAILING FROM THE CLERK WAS NOT ADDRESSED TO DEFENDANT'S HOME ADDRESS."
 {¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO FIND THE JUDGMENT VOID AB INITIO BASED UPON THE FACIALLY INVALID SERVICE OF THE COMPLAINT TO DEFENDANT."
 {¶ 15} For the reasons stated above, the judgment against appellant is void. The decision of the trial court is hereby reversed and remanded to the trial court for an answer date to be set for the defendant-appellant to respond to plaintiff-appellee's complaint and for further proceedings according to law and consistent with this court's opinion.
Waite, J., concurs and DeGenaro, J., concurs.